**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah and Rachid Boustila, | No. 2:08-CV-00677-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Scottsdale Unified School District No. 48, et al., | |
| Defendant. | |

Pending before the Court is the Motion to Dismiss of Defendants Scottsdale Unified School District, et al. ("Defendants") (Doc. #2). The Court now rules on that Motion.

**I.    FACTUAL BACKGROUND**

The relevant facts, as alleged in the Complaint, are as follows: Plaintiff Sarah Boustila ("Mrs. Boustila" or "Plaintiff") serves as a tenured teacher in the Scottsdale Unified School District ("District") at Arcadia High School in Maricopa County, Arizona. (Plaintiffs' First Amended Complaint ¶ 2, Doc. #1, Attach. 1, Exhibit H.) On October 31, 2007, Mrs. Boustila was given a "Notice of Intent to Impose Discipline" ("Notice") by Jeff Thomas, Director of Human Capital for District. (First Amended Complaint ¶¶ 18, 28.) The Notice of Intent to Impose Discipline recommended a nine (9) day unpaid suspension. (First Amended Complaint ¶ 28.) Present at that meeting were Mr. Thomas; Dr. Althe Allen, Executive

1    Director Middle and High School; Ann Marie Woolsey, Principal of Arcadia High School;
2    and Kim Clark, General Counsel for the District. (First Amended Complaint ¶ 30.)

3          On November 9, 2007, Mrs. Boustila provided a written response to the District's
4    Notice of Intent to Impose Discipline formally objecting to the Notice and the procedures
5    employed by the District.  (First Amended Complaint ¶ 36.) On November 30, 2007, the
6    District advised Mrs. Boustila that it had decided to modify the Notice, dismissing certain
7    policy violation allegations and reducing the suspension without pay to five (5) working
8    days. (First Amended Complaint ¶ 37.)

9          On December 21, 2007, Mrs. Boustila made a written request for appeal of the
10   District's decision to impose discipline. (First Amended Complaint ¶ 39.) On January 11,
11   2008, Mrs. Boustila presented her appeal brief to an appointed Hearing Officer, David
12   Peterson ("Hearing Officer"). (First Amended Complaint ¶ 40.)  The Hearing Officer met
13   with Mrs. Boustila and her attorneys a week later and heard her appeal. (First Amended
14   Complaint ¶ 41.)  The Hearing Officer issued his decision on January 25, 2008, sustaining
15   the discipline. (First Amended Complaint ¶¶ 42, 53.)

16         Plaintiffs then commenced this action, filing suit against the District in Maricopa
17   County Superior Court. Plaintiffs amended that Complaint to substitute their present claim
18   under 42 U.S.C. § 1983 and to add the individual defendants to the action.  Defendants
19   removed the case from Maricopa County Superior Court to this Court and filed the Motion
20   to Dismiss at issue here.

21         In their Motion, Defendants argue that Plaintiffs' First Amended Complaint fails to
22   state a claim upon which this Court may grant relief. Defendants maintain that, accepting
23   all of Plaintiffs' allegations as true, they do not constitute a viable claim that the Defendants
24   wrongfully deprived Mrs. Boustila of a constitutionally protected property interest without
25   due process. With respect to the District, Defendants assert that, under § 1983, there can be
26   no respondeat superior liability against a political subdivision such as the District, and thus,
27   Plaintiffs' assertions that the individual Defendants engaged in wrongdoing do not state a
28   claim against the District. Defendants argue that there is no §1983 liability against the

1 individual Defendants because (1) the five day unpaid suspension does not implicate a
2 constitutionally protected "property interest," (2) Plaintiff undeniably received "due process"
3 in any event, and (3) the individual Defendants are immune from suit under a qualified
4 immunity doctrine. Defendants further assert that, with respect to the Baracy Defendants,
5 Plaintiffs have failed to meet the pleading standards required under Fed. R. Civ. P. 8.
6 Finally, Defendants argue that Plaintiffs' claims against the individual defendants are barred
7 for insufficiency of service. The Court will address those arguments here.

## II.     LEGAL STANDARD AND ANALYSIS

In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *See, e.g.*, *Enesco Corp. v. Price/Costco Inc.,* 146 F.3d 1083, 1085 (9th Cir. 1998). In order to survive a dismissal motion, however, a plaintiff must allege facts that are enough to raise his or her right to relief "above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). While the Complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id.* at 1974.

Under Fed. R. Civ. P. 12(b)(6), dismissal can be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *see* William W. Schwarzer et al., *Federal Civil Procedure Before Trial* § 9:187, at 9-46 (2002). Alternatively, dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997) ("If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts."); *see also Federal Civil Procedure Before Trial*

§ 9:193, at 9-47. The burden is on the defendant to show that no claim has been stated. *See Gallardo v. DiCarlo*, 203 F. Supp. 2d 1160, 1165 (C.D. Calif. 2002).

### A. DISTRICT LIABILITY

Defendants argue that Plaintiffs have failed to state a claim against the District under § 1983. Specifically, Defendants argue that, while Plaintiffs have alleged wrongdoing on the part of the individual defendants, they have failed to allege any independent wrongdoing on the part of the District. Defendants note, as a threshold matter, that under § 1983, liability may not be imposed against a political subdivision on the basis of respondeat superior. As Plaintiffs concede that they are no longer raising allegations against the District in their Response In Opposition to Defendants' Motion to Dismiss ("Response") (Doc. # 8), the Court will grant the Motion to Dismiss as to the District.

### B. LIABILITY OF THE INDIVIDUAL DEFENDANTS
#### 1. PROCEDURAL DUE PROCESS

Under § 1983, a two-step inquiry is required to determine whether a plaintiff has suffered a violation of her due process rights in the employment context. Specifically, the Court must determine whether Plaintiff has suffered: (1) the deprivation of a constitutionally cognizable property interest, and (2) lack of adequate procedural protections. *See Huskey v. City of San Jose*, 204 F.3d 893, 900 (9th Cir. 2000). Constitutionally cognizable property interests are not created by the Constitution, but rather stem from an independent source such as state law. *See Brewster v. Bd. of Educ.*, 149 F.3d 971, 982 (9th Cir. 1998)(citing *Bd. of Regents v. Roth*, 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972)).

In the instant matter, Plaintiffs allege that, by suspending Mrs. Boustila without pay, Defendants deprived her of a protected property interest in her continued employment. Plaintiffs further maintain that Defendants imposed such discipline through a procedure that was arbitrary, capricious, and lacking in due process. Assuming without deciding that

Plaintiffs have established the deprivation of a constitutionally cognizable property interest,[1] the Court considers whether the deprivation was imposed without due process.

It is well-settled that due process "unlike some legal rules is not a technical conception with a fixed content unrelated to time, place and circumstances." *Gilbert v. Homar*, 520 U.S. 924, 930, 138 L. Ed. 2d 120, 117 S. Ct. 1807 (1997) (citations omitted). Rather, it "is flexible and calls for such procedural protections as the particular situation demands." *Id.* (citations omitted). In determining the type and amount of process owed, courts consider the following three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). In the area of public employment, constitutional due process "requires 'some kind of hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985)(quoting *Bd. of Regents v. Roth*, 408 U.S. at 569-570). "[T]he formality

---

[1] The Court notes that Defendants also challenge whether Plaintiff has a protected property interest. Because the Court concludes that Plaintiff received due process, *see infra*, the Court need not decide whether Plaintiff's suspension implicates a constitutionally protected property interest. The Court does note, however, that the cases relied upon by Plaintiff to support her assertion that her five day suspension constitutes a protected property interest are factually distinguishable from the instant matter. Although the court in *Winegar v. Des Moines Indep. Cmty. School Dist.*, 20 F.3d 895 (8th Cir. 1994), recognized a § 1983 cause of action based on a four (4) day unpaid suspension, the parties in that case agreed that a protected property interest was implicated, and the suspension was accompanied by allegations of unjustified child abuse sufficiently stigmatizing to implicate the plaintiff's liberty interests. Similarly, in *Jones v. Bd. of Educ.*, 651 F. Supp. 760, 763 (N.D. Ill. 1986), the Court noted, in rejecting the "de minimis" notion of the three (3) day suspension, the harm to the plaintiff's reputation from the allegations of excessive use of physical force involved in the disciplinary action. The Court does not find such stigmatizing allegations to be present here.

1 and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings." *Id*. at 545 (quoting *Boddie v. Connecticut*, 401 U.S. 371, 378, 28 L. Ed. 2d 113, 91 S. Ct. 780 (1971)). The timing, content of the notice and the form of the hearing will depend upon a proper balancing of the competing interests involved. *See Goss v. Lopez*, 419 U.S. 565, 579, 42 L. Ed. 2d 725, 95 S. Ct. 729 (1975).

In this case, the Court finds that, in light of the notice and opportunity to be heard that were given to Plaintiff, Plaintiff received "due process." As explained above and as set forth in Plaintiff's own Complaint, Plaintiff had ample opportunity to be heard on the allegations against her. She received written notice of the charges against her set forth in a formal "Notice of Intent to Impose Discipline." (First Amended Complaint ¶ 28.) The Notice was delivered at a hearing in which various District officials were present. (First Amended Complaint ¶¶ 28, 30.) Plaintiff and her lawyers submitted a written response to the proposed discipline and were successful in persuading the District to dismiss certain allegations. (First Amended Complaint ¶¶ 36, 37.) Plaintiff provided written witness statements from various individuals to refute the allegations in the Notice of Discipline. (First Amended Complaint, ¶¶ 57, 63, 79.) Through counsel, Plaintiff presented a written hearing brief to the District's designated Hearing Officer and also presented the case to that Hearing Officer in a live session. (First Amended Complaint ¶¶ 40, 41.)

Applying the *Mathews* analysis to the foregoing facts, the Court concludes that Plaintiffs have failed to state a claim for a due process violation in this case. The first prong in the *Mathews* analysis weighs against finding a due process violation. Mrs. Boustila's lost income (as the result of a five (5) day unpaid suspension) is relatively insignificant, particularly when compared with the property interest that would be implicated in a discharge.

The second prong of the *Mathews* analysis also weighs against Plaintiffs' claim as there was little risk of erroneous deprivation in light of the procedures used by Defendants. Not only did Mrs. Boustila receive notice of the charges against her, an explanation of the

1  District's evidence, and an opportunity to present her side of the story, she was also given
2  the opportunity to submit a written response and opposition to the proposed discipline, to
3  present witness statements to refute the District's allegations, to file a written appeal brief
4  with a designated Hearing Officer, and to meet with the Hearing Officer to present her
5  position, all of which occurred before any discipline was imposed.  The minimal risk of
6  erroneous deprivation is evidenced by the fact that, through the procedures used, Plaintiff
7  was successful in persuading the District to dismiss certain alleged violations and to reduce
8  the suspension.

9  Finally, this Court finds that the property interest implicated here, which is minimal
10 at best, is outweighed by the District's significant interest in expeditiously and efficiently
11 disciplining employees who occupy positions of great trust such as high school teachers. The
12 Court concludes, therefore, that under the *Mathews* balancing, even if Mrs. Boustila had a
13 protected property interest in her continued employment, she has failed to state a claim for
14 a violation of her due process rights.

15 On this point, the Court finds several cases to be instructive.  For example, in *Munno*
16 *v. Town of Orangetown*, 391 F. Supp. 2d 263 (S.D.N.Y. 2005), the court dismissed an action
17 brought by a police officer who, like Plaintiff here, claimed that his suspension without pay
18 violated due process. The Court granted the town's motion to dismiss, finding no deprivation
19 of due process where the plaintiff was informed of the charges against him prior to his
20 suspension, was provided with the details of his alleged misconduct and the applicable rules
21 and regulations, had engaged counsel and interposed answers to the allegations against him,
22 and had appeared with counsel at an internal affairs interview.

23 Similarly, in *Garraghty v. Jordan*, 830 F.2d 1295 (4th Cir. 1987),  the Court, affirming
24 a directed verdict on a § 1983 claim, held that a deprivation caused by a short term
25 suspension did not violate due process where the employee was given an opportunity to
26 present his side of the story in an informal pre-deprivation hearing.  The court rejected the
27 plaintiff's arguments that the lack of pre-meeting notice deprived him of a meaningful
28 opportunity to respond to the charges against him and rejected the plaintiff's argument that

- 7 -

the lack of notice and the lack of a neutral decision-maker deprived him of due process. Like *Munno* and *Garraghty*, this Court finds, given the allegations included in Plaintiffs' Complaint, there was no deprivation of due process here.

Plaintiff's claim that she was not provided with the opportunity to review certain privileged evidence or was not allowed to participate in an evidentiary hearing in which she could call or cross-examine witnesses does not change this result. Plaintiff is not entitled to perfect procedures or the procedures of her choice. *See Bagentose v. D.C.*, 503 F. Supp. 2d 247, 257 (D.C. 2007). "'The very nature of due process,' the Supreme Court has repeatedly held, 'negates any concept of inflexible procedures universally applicable to every imaginable situation' . . . Hence the Constitution does not require that all official determinations be made only after a formal, judicial type hearing. . .Nor does it mandate a specific set of procedures to govern even where formal hearings are necessary." *Id.* (internal quotations and citations omitted).

Contrary to Plaintiffs' assertions, the proceeding to which the employee is entitled need not be a full evidentiary hearing with witnesses so long as the employee is given the opportunity to answer the charges. *See Loudermill*, 470 U.S. at 545. Indeed, the procedure utilized by a public employer need not even approximate a trial-like proceeding. *Id.* This Court is aware of no authority that would require a full adversarial evidentiary hearing under the circumstances of this case, and the cases relied upon by Plaintiffs in this regard are neither controlling nor persuasive. Notably, the cases relied upon by Plaintiffs to support their assertion that Mrs. Boustila did not receive "due process" involve the termination of employment rather than a short term suspension. Clearly, the property interest at stake in a termination case is more significant and warrants more formal process than that which is due here.

As Defendant correctly notes, "[T]he process to which the claimant might be due [varies] depending upon the nature of the claimed property interest at issue." (Reply Memorandum In Support of Motion to Dismiss, p. 5, Doc. # 9.) Given the five day

suspension that Plaintiff received, the process provided Plaintiff as stated in her own Complaint was adequate and does not establish a due process violation under § 1983.

Finally, to the extent Plaintiffs now suggest that the discipline imposed by the District would constitute a denial of due process no matter what procedures were followed if such procedures were a sham or farce, Plaintiffs have not raised such allegations in their First Amended Complaint. Moreover, the alleged facts included by Plaintiffs in that Complaint are inconsistent with such a sham or farce theory in any event. Most notably among these allegations is the fact that, through utilizing the very procedures that are at issue in this case, Plaintiff was successful in persuading the District to dismiss certain alleged violations against her and to reduce her suspension. *See Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1991)(A plaintiff may plead himself out of a cause of action by alleging facts showing that he is not entitled to judgment.).

### 2. RULE 8 PLEADING REQUIREMENTS

Defendants further argue that Plaintiffs' First Amended Complaint fails to state a claim against individual Defendant Dr. John Baracy. Specifically, Defendants assert that Plaintiffs' Complaint fails to contain any substantive allegation regarding Dr. Baracy, i.e., that he engaged in any acts or omissions that give rise to liability and, indeed, is devoid of any reference to him at all other than listing him and his spouse as the first named individual defendants. Defendants, therefore, argue that the pleading does not meet the bare minimal requirements of Fed. R. Civ. P. 8(a). In response, Plaintiffs assert that a proposed Second Amended Complaint attached to their Response[2] clarifies Plaintiffs' allegations against the Baracys and cures any defects with respect to those Defendants. The Court, however, need not consider whether Plaintiffs' First Amended Complaint or their proposed Second

---

[2]Although Plaintiffs state that a copy of the proposed Second Amended Complaint was attached to their Response to Defendants' Motion to Dismiss, no such proposed Second Amended Complaint was attached to that brief nor can one be located elsewhere in the record. It is not necessary for the Court to review that proposed pleading in any event, however, as the proposed pleading would not alter the Court's decision in this matter.

1 Amended Complaint satisfies the Rule 8 pleading requirements articulated in *Twombly* as the
2 Court finds that Plaintiff received sufficient process as a matter of law and will grant
3 Defendant's Motion to Dismiss as to all Defendants on that basis.

### 3. QUALIFIED IMMUNITY AND INSUFFICIENT SERVICE

Finding that Plaintiff received due process as a matter of law, the Court does not reach the issue of whether the individual Defendants are entitled to qualified immunity and denies that portion of Defendants' Motion to Dismiss as moot and without prejudice. Similarly, the Court will not consider the issue of insufficiency of service and also denies that portion of Defendants' Motion to Dismiss as moot and without prejudice.

Accordingly,

**IT IS ORDERED GRANTING** Defendants' Motion to Dismiss (Doc. # 2.).

**IT IS FURTHER ORDERED** that the Court notes that Defendants have requested attorneys' fees and costs; that request is **denied** without prejudice. Defendants may file an appropriate motion and/or other document requesting fees and/or costs consistent with local and federal rules.

DATED this 5th day of December, 2008.

_____
James A. Teilborg
United States District Judge